UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARCUS DAVIS                                              CIVIL ACTION

VERSUS                                                    NO. 14-415-JWD-RLB

UNITED STATES ARMY

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the findings of fact and conclusions of law recommended by the Magistrate Judge. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME WILL BE GRANTED TO FILE OBJECTIONS TO THE REPORT AND RECOMMENDATION.**

Signed in Baton Rouge, Louisiana, on February 24, 2015.

                                                                    _____
                                                                    **RICHARD L. BOURGEOIS, JR.**
                                                                    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARCUS DAVIS                                                    CIVIL ACTION

VERSUS                                                          NO. 14-415-JWD-RLB

UNITED STATES ARMY

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Before the Court is Plaintiff's Complaint, filed on July 11, 2014. (R. Doc. 1). Plaintiff has been granted IFP status and is proceeding without the assistance of counsel. The Court has reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and **RECOMMENDS** that it be **DISMISSED with prejudice** as it fails to state a claim upon which relief can be granted.

**I.     BACKGROUND**

Plaintiff, Marcus Davis, filed this Complaint against the United States Army on July 11, 2014. Plaintiff alleges that the U.S. Army allowed him "to be assaulted, injured, defamed [his] character, jeopardized [his] life, ruined [his] potential career in the Army, imprisoned, reduced to lowest rank, and kicked [him] out of the Army for reporting threats and abuse." (R. Doc. 1 at 2). Plaintiff additionally claims that his 1991 discharge from the Army following conviction by a special court martial in 1990 was done in violation of his constitutional rights. (R. Doc. 1 at 5). As relief, Plaintiff asks the Court to "[e]nforce [his] constitutional rights" and make the Army pay "monetary damages," seemingly in the form of back pay, for the 25 years since the "1990

unconstitutional court martial," which resulted in Plaintiff being discharged from the Army in 1991. (R. Doc. 1 at 2).

In an earlier Order, the Court explained that Plaintiff's causes of action appeared to be prescribed, based on the dates alleged in the original Complaint. (R. Doc. 6). In keeping with Fifth Circuit precedent,[1] the Court gave Plaintiff an opportunity to amend the Complaint to provide "further information and dates of the conduct of which he complains." (R. Doc. 6 at 2). Plaintiff filed an amended Complaint (R. Doc. 7) and supporting documents (R. Doc. 7-1). Plaintiff's amended Complaint confirms that the conduct originally complained of last occurred on July 29, 1991, when he was officially discharged from the Army. (R. Doc. 7-1 at 4-5).

## II. APPLICABLE LAW

District courts must construe the IFP complaints of pro se plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if a court determines the case: (i) is frivolous or malicious; (ii) fails to state a claim; or (iii) seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). To determine whether the complaint fails to state a claim, courts apply the same standard for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6) (allowing for dismissal if the complaint fails "to state a claim upon which relief can be granted"); *see also Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003) (dismissal of IFP complaint for failure to state a claim employs Rule 12(b)(6) standard). Rule 12(b)(6) requires a court to "accept all well-pleaded facts as true" in a "light most favorable to the plaintiff." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In that posture, dismissal

---

[1] In most circumstances, a court should allow a pro se plaintiff at least one chance to amend the complaint before dismissing the action as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable").

only becomes appropriate "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

## III. DISCUSSION

Here, Plaintiff's claims against the United States Army are not cognizable. To the extent Plaintiff is seeking monetary damages from the Army for constitutional violations, those claims must fail for lack of jurisdiction. Suits for money damages against the United States, including its agencies and instrumentalities, cannot be maintained unless there is an "unequivocally expressed" waiver of sovereign immunity. *U.S. v. Testan*, 424 U.S. 392, 399-400 (1976). The United States has not waived its sovereign immunity for suits seeking monetary relief for constitutional violations. *See Oladipupo v. Austin*, 104 F. Supp. 2d 623, 625 (W.D. La. 2000). Therefore, the Court does not have jurisdiction to hear this claim.

Second, to the extent Plaintiff wants to pursue a *Bivens* action against individual officers for constitutional violations, or otherwise seeks backpay from the Army in connection with his allegedly illegal discharge, those claims have prescribed. The applicable state statute of limitations for a *Bivens* action is one year from the time the action accrues. *See Dass v. Caplinger*, 170 F.3d 183, at *1 (5th Cir. 1999) ("[F]ederal courts look to state law to determine the applicable limitations or prescriptive period for a *Bivens* claim. The applicable prescriptive period in Louisiana is one year."). Claims for back pay against the Army are available under the Tucker Act, 28 U.S.C. § 1346(a)(2), and are subject to a 6 year statute of limitations from the time the action accrues. *See Brewster v. Sec'y of the Army*, 489 F. Supp. 85, 88 (E.D.N.Y. 1980); 28 U.S.C. 2401(a) ("every civil action against the United States shall be barred unless the complaint is filed within six years after the right of action accrues").

Plaintiff's causes of action accrued on July 29, 1991, the date his discharge became official. *See Geyen v. Marsh*, 775 F.2d 1303, 1308 (5th Cir. 1985) (serviceman's cause of action against army accrued on date of his discharge); *Walters v. Sec'y of Def.*, 725 F.2d 107, 114 (D.C. Cir. 1983) ("[T]he strong weight of authority is that the § 2401(a) limitations period begins to run when the service member's administrative discharge is final."); *Long v. U.S. Dep't of Def.*, 616 F. Supp. 1280, 1283-84 (E.D.N.Y. 1985) (serviceman's complaint alleging constitutional violations associated with discharge accrued at time of discharge).

Considering the applicable 1 and 6 year limitations periods, his claims have all prescribed. And so, Plaintiff has failed to state any claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons given above, the Court **RECOMMENDS** that Plaintiff's Complaint (R. Doc. 1) be **DISMISSED with prejudice** under 28 U.S.C. § 1915 as it fails to state a claim upon which relief can be granted.

Signed in Baton Rouge, Louisiana, on February 24, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**